# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROBERT CERNIGLIA,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDON PRICE, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00753-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

## **FINDINGS**

Steven Robert Cerniglia alleges that his rights under the First, Fourth, and Fourteenth Amendments were violated when hospital officers searched his room, confiscated a number of items, and subsequently did not return his laptop computer. (Doc. 1.) Because Plaintiff has neither a right to access the internet nor a right to possess electronic devices which are capable of accessing the internet, this action should be **DISMISSED** with prejudice.

### A.  **Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case brought under 42 U.S.C. §1983] at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## B. Pleading Requirements -- Fed. R. Civ. Pro 8(a)

When screening, the court applies the requirements found in Federal Rule of Civil Procedure 8(a). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners (and detainees) are still construed liberally and are afforded the benefit of any doubt. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must identify specific facts supporting the existence of substantively plausible claims for relief. *Johnson v. City of Shelby*, __ U.S. __, __, 135 S.Ct. 346, 347 (2014) (per curiam) (citation omitted).

### C. Summary of Plaintiff's Complaint

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") pursuant to California's Sexually Violent Predator Act contained within Welfare & Institution Code sections 6600 et seq. ("SVPA"). One so detained is a Sexually Violent Predator ("SVP") which is statutorily defined as an individual with "a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Welf. & Inst. Code § 6600(a).[1] The SVPA authorizes the involuntary civil commitment of a person who has completed a prison term, but has been given a "full evaluation" and found to be a sexually violent predator. *Reilly v. Superior Court*, 57 Cal.4th 641, 646 (2013); *People v. McKee*, 47 Cal.4th 1172, 1185 (2010).

Plaintiff names the Executive Director of CSH, Brandon Price and six CSH police officers as the defendants in this action. Plaintiff alleges that on November 16, 2016, Officers Moreno, Barraza, Vang, Espinoza, Gonzalez, and Munoz arrived at Plaintiff's dorm room to search it. (Doc. 1, pp. 8-9.) Plaintiff was informed that they were looking for an "online device" and when Plaintiff asked if they had a warrant, he was told none was required. (*Id.*) Those officers allegedly made a mess of Plaintiff's bed area and did not find an "online device." (*Id.*) However, the officers confiscated Plaintiff's laptop computer, a "boom-box radio," a DVD player, and a "Micca media player." (*Id.*) Plaintiff was informed that the items would be returned to him in one hour. (*Id.*) Approximately an hour later, Officer Barraza returned all of the items except Plaintiff's laptop, indicating that they were "gonna (sic) hold on to that for awhile" without providing any justification for doing so. (*Id.*)

The next day, Officers Munoz and Gonzalez arrived at Plaintiff's dorm room and asked for the password to his laptop. (*Id.*) Plaintiff asked if they had a warrant and they replied in the negative. (*Id.*) Plaintiff refused to give them the password without a warrant, indicating that he did not want them going through his personal files. (*Id.*) They responded that they did not desire

---

[1] California voter-approved Proposition 83 validly extended the term of commitment under the SVPA to an indeterminate period, ensuring the SVP remains in custody until successfully proving he or she is "no longer an SVP or the Department of Mental Health determines he [or she] no longer meets the definition of an SVP." *Bourquez v. Superior Court*, 156 Cal.App.4th 1275, 1287 (2007); Welf. & Inst. Code §§ 6605, 6608(i).

to go through his personal files, but that they wanted to make sure he had not been on the internet. (*Id.*) Plaintiff declined to give them the laptop's password, and, though unclear, it appears his laptop has not been returned to him. (*Id.*)

As discussed in detail below, this action should be dismissed without leave to amend because the defects in Plaintiff's pleadings are not curable via amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

### D. <u>Civil Confinement Conditions Are Governed By Fourteenth Amendment</u>

To determine whether conditions of confinement of civilly committed individuals have been violated, courts look to the substantive due process clause of the Fourteenth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982); *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004). States are thus required "to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released," *Sharp v. Weston*, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing *Ohlinger v. Watson*, 652 F.2d 775, 778 (9th Cir. 1980)), via "'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'" *Id.* (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).

Although SVPs must be afforded more considerate treatment and conditions of confinement than criminals, where specific standards are lacking, courts may look to decisions defining the constitutional rights of prisoners, to establish a floor for the constitutional rights of persons detained under a civil commitment scheme, *Padilla v. Yoo*, 678 F.3d 748, 759 (9th Cir. 2012) (citing *Hydrick v. Hunter*, 500 F.3d 978, 989 (9th Cir. 2007), *vacated and remanded on other grounds by* 556 U.S. 1256 (2009), and may borrow Eighth Amendment standards to do so, *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991), *abrogated on other grounds by* 511 U.S. 825 (1994).

#### 1. <u>Plaintiff's Alleged Deprivations</u>

Plaintiff alleges that the events of November 16th and 17th violated his rights under the First, Fourth, and Fourteenth Amendments. Plaintiff is civilly detained at CSH. Plaintiff mistakenly contends that, as a civil detainee, he "enjoys all the same constitutional rights as every

other citizen of the Unites States and the State of California with the exception of the 'right to bear arms' and the 'right to his actual freedom.'" (Doc. 1, p. 5.) However, as a civil detainee, some curtailment of Plaintiff's rights (beyond bearing arms and his actual freedom) is to be expected. *See Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). Within the context of civil commitment, patients' substantive rights include: adequate food, shelter, clothing, medical care, safety and freedom from unnecessary bodily restraint, as well as "minimally adequate or reasonable training to ensure safety and freedom from undue [physical] restraint." *Youngberg v. Romeo*, 457 U.S. 307, 315-16, 319 (1982). Plaintiff's objection to the confiscation of his property to ascertain whether Plaintiff had been accessing the internet, particularly his laptop computer, far exceeds his substantive rights as a SVP. Further, Plaintiff's mere desire to be free from the "hardship and exorbitant cost" of contacting his family via collect call, conducting his financial affairs, communicating with financial institutions, obtaining information on the world and his community from the new outlet of his choice, and conducting his legal affairs with his attorney and the courts does not rise to the level of a fundamental liberty interest under the Fourteenth Amendment. *Bell*, 441 U.S. at 537.

No court has found that prisoners have a constitutional right to possess personal computers or items that are similar to personal computers which are capable of accessing the internet in their cells. *See Endsley v. Luna*, 2008 WL 3890382 at *3 (C.D.Cal. May 23, 2008) (unpub.) (citing *Sands v. Lewis*, 886 F.2d 1166, 1172 (9th Cir.1989) (prisoners do not have a constitutional right to have memory typewriters in cells), overruled on other grounds by *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996); *Taylor v. Coughlin*, 29 F.3d 39, 40 (2nd Cir.1994) ("If prison inmates do not enjoy a constitutional right to typewriters as implements of access to the courts, it would be illogical for us to rule that there is a constitutional right to typewriters of a specific memory capacity."); *State ex rel. Anstey v. Davis*, 203 W.Va. 538, 545, 509 S.E.2d 579 (1998) ("We are persuaded by the uniformity of opinion on this issue and therefore hold that prison inmates have no constitutional right to possess personal computers in their cells.")).

More recent cases involving civil detainees, pretrial detainees and SVPs have concluded the same despite the application of the heightened 14th Amendment protection required for those

not currently serving criminal sentences. *See Endsley v. Luna*, 2009 WL 3806266 (C.D.Cal. Nov.12, 2009) (unpub.) at * 16 (citing *Fogle v. Blake*, 227 Fed. Appx. 542, 542 (8th Cir.2007) (finding civil committee failed to state a constitutional claim regarding denial of a computer or typewriter); *Spicer v. Richards*, 2008 WL 3540182 at *7 (W.D.Wash. Aug.11, 2008) (unpub.) (finding no authority to show that SVP had a 14th Amendment right to possess a "cell phone, pager, computer, [or] color ink cartridge printer."); *Carmony v. County of Sacramento,* 2008 WL 435343 at *18 (E.D.Cal. Feb.14, 2008) (finding civil detainee had no "free-standing First Amendment right to access computers and/or the internet."); *White v. Monahan*, 2009 WL 499121 at *2 (C.D. Ill. Feb 24, 2009) (acknowledging that while civil detainees enjoy more liberties than convicted prisoners, "[t]he inability to possess a computer does not implicate a property interest that might be protected by procedural due process protections or an interest that might be classified as a substantive due process interest."). Thus, Plaintiff is unable to demonstrate that he has a constitutionally protected interest in possessing any of the electronic devices which were confiscated on November 16, 2016, let alone his laptop computer with which he may have been able to access the internet,[2] and so is unable to state a cognizable procedural or substantive due process claim. *See Hewitt*, 794 F.2d at 1380.

Plaintiff also alleges that confiscation of his laptop violated his rights under the First Amendment to freedom of speech and to access the "outside world." However, while all of the activities he lists as hardships with exorbitant costs would be quicker and easier with internet access, Plaintiff provides no factual allegations to show that his lawful communication/speech is not allowed via other means. Plaintiff's alleged "hardship" of cost of collect phone calls, costs of legal material such as legal paper, envelopes, photocopies, and postage do not elevate his complaints to a constitutional violation.

The Constitution is not concerned with *de minimis* restrictions on SVPs' liberties, *see Youngberg,* 457 U.S.at 320, which is, at most, the amount of restriction on Plaintiff speech and liberties from the hour long confiscation of some of his property and an unknown length of

---

[2] The Court notes that Plaintiff does not allege that he had *not* accessed the internet from the confiscated laptop -- only that he was never observed by any staff being online on his computer and he has not been accused of doing anything illegal.

6

confiscation of his laptop computer while civilly detained.

### 2.  **Purpose/Objectives:**

Under the Fourteenth Amendment, "punitive conditions may be shown (1) where the challenged restrictions are expressly intended to punish, or (2) where the challenged restrictions serve an alternative, non-punitive purpose but are nonetheless 'excessive in relation to the alternative purpose,' or 'are employed to achieve objectives that could be accomplished in so many alternative and less harsh methods.' " *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted).

Plaintiff's allegations expressly state that the events which occurred on the 16th and 17th of November in 2016 were explicitly intended to ensure that Plaintiff had not been accessing the internet, or otherwise going online. Notably, Plaintiff does not allege that he was not engaging in such prohibited behavior.

Restrictions that have a legitimate, non-punitive government purpose and that are not excessive in relation to that purpose, such §§ 891 and 4350, are permissible. *Bell*, 441 U.S. at 535, 539; *Salerno*, 481 U.S. at 747; *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002). Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining facility security, effective management of a detention facility, and ensuring detainee safety. *Bell,* 441 U.S. at 539-40); *Jones*, 393 F.3d at 932; *United States v. Gaitain-Ayala*, No. 07-00268-01, 2009 WL 948342, at *5 (D. Haw. Apr. 3, 2009). The rights of individuals who are detained for treatment, not punishment, must be carefully balanced against the state's interests in institutional security and the safety of those housed at the facility, *see, e.g., Youngberg*, 457 U.S. at 319-22, 102 S.Ct. 2452, as well as the initial premise for civil detention of SVPs -- the safety of the general public.

Apparently Plaintiff has lost sight of the fact that his detention at CSH is under the SVPA because it has been determined that he is likely to "engage in sexually violent criminal behavior." Unless and until this finding is reversed, or he is released from detention, Plaintiff's allegations simply cannot contradict this most basic premise of his confinement.

///

### E. Privacy

Plaintiff also alleges a privacy violation. "[O]ne aspect of the liberty protected by the Due Process Clause of the Fourteenth Amendment is a right of personal privacy or a guarantee of certain areas or zones of privacy." *Marsh v. County of San Diego*, 680 F.3d 1148, 1153 (9th Cir. 2012) (citing *Carey v. Population Servs. Int'l*, 431 U.S. 678, 684, 97 S.Ct. 2010 (1977)) (internal quotation marks omitted). However, "rights found in the guarantee of personal privacy are limited to those which are fundamental or implicit in the concept of ordered liberty." *Grummett v. Rushen*, 779 F.2d 491, 493-94 (9th Cir. 1985) (citing *Roe v. Wade*, 410 U.S. 113, 152, 93 S.Ct. 705 (1973)) (internal quotation marks omitted). Though Plaintiff retains a limited right of privacy while civilly committed, his Complaint is devoid of any facts which suggest that Defendants engaged in any conduct which might infringe upon this limited right.

### D. State Law Claims

Plaintiff also generally alleges that the taking of his property on November 16th and 17th violated his rights under state law and Title 22 of the California Code of Regulations and Welfare & Institutions Codes.

#### a. Government Claims Act

Under the California Government Claims Act ("CGCA"),[3] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly

---

[3] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244, 13 Cal.Rptr.3d 534, 90 P.3d 116 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (fn.omitted).

Federal courts likewise must require compliance with the CGCA for pendant state law claims that seek damages against state public employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff fails to state any allegations which show he complied with the CGCA upon which to be allowed to pursue claims for violation of California law in this action.

### b. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v.*

*Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

The Court should decline to exercise supplemental jurisdiction over any claims Plaintiff might have under California law since Plaintiff fails and is unable to state any cognizable claims under federal law.

## **RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS**, that this action is **DISMISSED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 27, 2017**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE